**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KRISTIN WILLIAMS (f/k/a DUNNELLS), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  3:17-cv-1068 |
| | ) | |
| AMERICAN ADJUSTMENT | ) | |
| BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, KRISTIN WILLIAMS (f/k/a DUNNELLS) ("Plaintiff"), through her attorney, Richard P. Giarniero, alleges the following against Defendant, AMERICAN ADJUSTMENT BUREAU, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*.

2. Count II Plaintiff's Complaint is based on the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. (EFTA).

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1693(m), "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Rockville, Town of Vernon, Tolland County, Connecticut.

8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a national collection agency headquartered in the City of Waterbury, Naugatuck County, Connecticut.

13. Defendant is a business entity engaged in the collection of debt within the State of Connecticut.

14. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

15. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

2

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a medical bill.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

22. In or around late November 2016, Plaintiff agreed to repay an alleged debt that Defendant was collecting on.

23. Said agreement called for nine (9) payments of $87.25 per week and the payments would be automatically withdrawn from Plaintiff's checking account.

24. In or around February 2017, Plaintiff had completed payment of the above-referenced agreement.

25. On or about April 4, 2017, Plaintiff received a call from one of Defendant's collectors, Jim Jensen, wherein Jensen told Plaintiff that she must authorize another payment of $87.25. Jensen claimed that another bill popped up.

26. During the above-referenced collection call, Plaintiff clearly informed Jensen that Defendant was not authorized to withdraw any further funds from her checking account.

27. During the above-referenced collection call, Plaintiff disputed owing anything further on the debt she already paid the agreed on and disputed owing any new debt that Jensen claimed that popped up.

28. On or about April 11, 2017, despite Plaintiff not providing authorization and/or revoking prior authorization, Defendant brazenly went ahead and withdrew a payment for $87.25 from Plaintiff's checking account.

29. On or about April 17, 2017, despite Plaintiff not providing authorization and/or revoking prior authorization, Defendant astonishingly went ahead and withdrew a payment for $85.57 from Plaintiff's checking account.

30. Shortly thereafter Plaintiff realized what was happening and requested that her bank not allow any further withdrawals from her checking account initiated by Defendant.

31. Although Plaintiff's bank blocked any further withdrawals by Defendant from Plaintiff's checking account, it did not stop the Defendant from trying.  Plaintiff's bank confirmed that Defendant continued to attempt to withdraw funds from Plaintiff's checking account for at least two weeks thereafter.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant brazenly withdrew funds from Plaintiff's checking account on multiple occasions without authorization and despite Plaintiff explicitly telling Defendant not to and that she disputed owing any further

4

b.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression that Defendant was permitted to continue to withdraw funds from Plaintiff's checking account at-will and with impunity;

c.  Defendant violated § 1692e(2) of the FDCPA by its false representation of the amount of any debt when it claimed that the alleged debt that payment was agreed to was actually more or suddenly claiming that there was some new debt that popped up and then initiated unauthorized withdrawals from Plaintiff's checking account;

d.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant created the false impression that Defendant was permitted to continue to withdraw funds from Plaintiff's checking account at-will and with impunity;

e.  Defendant violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the validity of the alleged debt and continuing to assume the validity of the alleged debt when Defendant continued withdrawing funds from Plaintiff's checking account without authorization;

f.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant continued withdrawing funds from Plaintiff's checking account without authorization;

g.  Defendant violated § 1692f(2) of the FDCPA by failing to provide written notice as

5

required by this subsection of Defendant's intent to withdraw funds from Plaintiff's checking account; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, KRISTIN WILLIAMS (f/k/a DUNNELLS), respectfully requests judgment be entered against Defendant, AMERICAN ADJUSTMENT BUREAU, INC. for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

34. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

35. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

36. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

37. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

38. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

39. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing

6

signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

40. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization."  Id. at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

41. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

42. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, KRISTIN WILLIAMS (f/k/a DUNNELLS), respectfully requests judgment be entered against Defendant, AMERICAN ADJUSTMENT BUREAU, INC. for the following:

43. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

44. Actual damages;

45. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act,

§ 916(a)(3); and

46. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 28, 2017                    By: /s/ Richard P. Giarniero

Richard P. Giarniero
GIARNIERO & ASSOCIATES, LLC
972 East Broadway
Stratford, CT 06615
Tel: 203.375.3994
Fax: 203.386.0401
rpglaw@netzero.com